IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANA PONCE, EUSEBIO CANO, and ZULEMA B. LEIJA, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § § | |
| KIA AMERICA, INC. and KIA CORPORATION, | § § § | |
| Defendants. | § § | |

**DEFENDANT KIA AMERICA, INC.'S NOTICE OF REMOVAL**

Defendant Kia America., Inc. ("KA") (formerly known as Kia Motors America, Inc.) files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the County Court at Law of Kaufman County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.[1]   In support of this removal, KA respectfully shows the Court the following:

### I.       BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This is a product defect and negligence lawsuit arising out of an automotive accident that occurred on March 19, 2021, in Kaufman, County, Texas. *See* Ex. 1 at Plaintiffs' Original Petition ("Petition").   Plaintiffs allege they were traveling in a vehicle when the now deceased Joyce

---

[1] Plaintiffs have not properly served Defendant Kia Corporation ("KC") (formerly known as Kia Motors Corporation) with this lawsuit.  KC is a foreign corporation located in South Korea.  As such, KC must be served according to the mandatory requirements for proper service of process set forth in the Convention of the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, commonly known as the Hague Service Convention.  To date, Plaintiffs have not served KC pursuant to the requirements of the Hague Service Convention.

While KC has not been properly served and, therefore, has not been joined to this action such that it can formally join in this Notice of Removal, KA has confirmed that KC would join in the Notice of Removal if it were a party and consents to removal of this matter at this time.

Townsend, who was operating another vehicle at that time, failed to yield right of way while attempting to make a turn causing a collision with Plaintiffs' vehicle. *Id.* at Petition, ¶¶ 12-15.

On July 19, 2021, Plaintiffs filed this lawsuit in the County Court at Law in Kaufman County, Texas, against (1) KA, (2) KC, and (3) Jeffrey V. Townsend as Administrator of The Estate of Joyce Townsend (the "Texas Estate"). *See id.* at Petition.  The Texas Estate filed its Original Answer on August 20, 2021. *See id.* at Texas Estate's Original Answer.

Plaintiffs did not serve KA until nearly four months later, on November 12, 2021. *See* Ex. 1 at Citation served on KA.  Plaintiffs' Original Petition that was served on KA named the Texas Estate as a defendant in the case style (*see id.* at Petition); listed and described the Texas Estate as a defendant under the "Parties" section (*see id.* at Petition, ¶ 7); and claimed specific causes of action against the Texas Estate. (*See id.* at Petition, Sec. X, ¶¶ 74-76.)  Importantly, the Original Petition alleged that both Plaintiffs and the Texas Estate defendant were all residents of Texas because Kaufman County is where each Plaintiff resides, and where the Texas Estate was filed. (*Id.* at ¶¶ 2-4, 7.)  Believing the information in Plaintiffs' Petition was true and correct at the time it was served—specifically that there was not complete diversity of citizenship between Plaintiffs and Defendants under 28 U.S.C. § 1332(a)—KA filed an Original Answer in Kaufman County on December 6, 2021. *See id.* at KA's Original Answer.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs served their initial disclosures to KA on January 5, 2022.  Though the Texas Estate was still named as a defendant in the case style of the disclosures, Plaintiffs also provided the first notice to KA that the Texas Estate is no longer a named defendant in this lawsuit by labeling it a "Former Defendant" that has knowledge of the relevant facts of this case.  This new discovery prompted KA to check the Kaufman County court records.  Kaufman County online court records showed that two months before KA was served

with the Original Petition a "Notice of Non Suit" was filed on September 16, 2021, and an "Order" was entered on September 21, 2016.  KA requested copies of these filings from the Kaufman County records clerk and received them the following day on January 6, 2022. *See* Ex. 1 at Plaintiffs' Notice of Nonsuit without Prejudice as to Defendant the Texas Estate; Order granting Plaintiffs' Notice of Nonsuit.  That is when KA learned that Plaintiffs had dismissed their claims against the Texas Estate and did not amend their petition to reflect the dismissal, prior to service of the Original Petition on KA.

Consequently, due to the disclosures served by Plaintiffs, January 5, 2022 was the first time KA became aware that this case is removable based on complete diversity of citizenship between Plaintiffs and Defendants under 28 U.S.C. § 1332(a).

## II.    TIMELINESS OF REMOVAL AND CONSENT

Plaintiffs served KA with a copy of their Original Petition on November 12, 2021. *See* 1 at Petition.  The case stated in Plaintiffs' Original Petition served on KA was not removable because it named the Texas Estate, a Texas resident, as a defendant. *See generally*, *id*.

Plaintiffs then served their initial disclosures to KA on January 5, 2022.   In those disclosures, for the first time, Plaintiffs revealed they had dismissed their claims against the Texas Estate.  So, on January 5, 2022, KA could ascertain for the first time that this case was removable based on complete diversity of citizenship between Plaintiffs and the actual named Defendants. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), KA timely files this Notice of Removal within thirty (30) days of service of a "paper from which it may first be ascertained that the case is one which is or has become removable."

### III.     GROUNDS FOR REMOVAL

This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship between Plaintiffs and Defendants under 28 U.S.C. § 1332(a).  Complete diversity of citizenship between the parties exists at the time of this Removal.

### A.     Amount in Controversy

The Fifth Circuit determines whether the amount in controversy requirement is satisfied by asking whether it is "facially apparent" from a plaintiff's petition that the claims exceed the sum or value of $75,000.00. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010).  Per Plaintiffs' Original Petition, Plaintiffs seek damages "over $1,000,000." *See* Ex. 1 at Petition, ¶ 11.  Accordingly, the amount in controversy is satisfied.

### B.     Complete Diversity of Citizenship Between Plaintiffs and Defendants

There is complete diversity of citizenship between Plaintiffs and Defendants in this lawsuit. Plaintiffs reside in and/or are citizens of Texas. *See id.* at Petition, ¶¶ 2-3.

Defendant KA is a California corporation with its principal place of business in Irvine, California.  KA is a 100% wholly- owned subsidiary of Defendant KC, which is a publicly traded corporation, organized and existing under the laws of Korea with its principal place of business in Seoul, South Korea.  Hyundai Motor Company owns 10% or more of KC's stock.  Hyundai Motor Company is publicly traded corporation on the Korean stock exchange and is organized and existing under the laws of Korea with its principal place of business in Seoul, South Korea.

Given the complete diversity of citizenship between the parties, this Court has jurisdiction under 28 U.S.C. § 1332(a).

### IV.     VENUE

This District and Division embraces the place in which the removed state court action has

been pending. Here, the County Court at Law of Kaufman County, Texas is geographically located within the Northern District of Texas, Dallas Division.

## V. PROCEDURAL COMPLIANCE

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other filings in the state-court suit are attached to this Notice of Removal as Exhibit 1.

KA will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. A copy of that notice is attached as Exhibit 2.

With this Notice of Removal, KA is also filing a Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1.

By filing this Notice of Removal, KA does not waive any legal defenses or objections to Plaintiffs' Original Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VI. JURY DEMAND

KA demands a trial by jury. KA made a jury demand in accordance with state law in the state court proceeding and has therefore preserved its right to a jury trial. *See* Fed. R. Civ. P. 81(c)(3)(A).

## VII. CONCLUSION

KA represents that it has properly complied with the removal statutes set forth above, and this case thus stands removed from the County Court of Law of Kaufman County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@nelsonmullins.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**ADAM G. BELL**
State Bar No. 24101500
adam.bell@nelsonmullins.com

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (469) 484-6100
Facsimile (469) 828-7217

**ATTORNEYS FOR DEFENDANT
KIA AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Federal Rules of Civil Procedure on the 4th day of February 2022.

*/s/ Kurt C. Kern*