2/3/22, 8:38 AM      https://txkaufmanodyprod.tylerhost.net/PublicAccess/CaseDetail.aspx?CaseID=4134366

Case 3:22-cv-00277-S   Document 1-1   Filed 02/04/22   Page 1 of 59   PageID 7
Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back     Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 108550-CC

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano. et al Vs. Kia Motors America, Inc., Kia Motors Corporation. et al | § § § § § | **Case Type:** Other Civil - DC<br>**Date Filed:** 07/19/2021<br>**Location:** DC County Court at Law |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Kia Motors America, Inc. | **Cary A Slobin**<br>*Retained*<br>972-616-1700(W) |
| Defendant | Kia Motors Corporation | |
| Defendant | Townsend, Jeffrey V. | **Jonathan E Cheatham**<br>*Retained*<br>214-570-6300(H) |
| Plaintiff | Cano, Eusebio | **E. Todd Tracy**<br>*Retained*<br>214-324-9000(W) |
| Plaintiff | Leija, Zulema | **E. Todd Tracy**<br>*Retained*<br>214-324-9000(W) |
| Plaintiff | Ponce, Diana | **E. Todd Tracy**<br>*Retained*<br>214-324-9000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| Date | Event | | |
|---|---|---|---|
| 07/19/2021 | **Original Petition (OCA)** | | |
| 07/20/2021 | **Citation** | | |
| | Kia Motors America, Inc. | Served | 11/12/2021 |
| | Kia Motors Corporation | Unserved | |
| | Townsend, Jeffrey V. | Served | 07/26/2021 |
| | | Returned | 07/27/2021 |
| 07/27/2021 | **Return of Service** | | |
| | *Jeffrey V. Townsend, as Estate of Townsend* | | |
| 08/12/2021 | **Rule 11 Agreement** | | |
| | *BETWEEN COUNSEL* | | |
| 08/20/2021 | **Answer** | | |
| | *Defendant's Original Answer* | | |
| 09/16/2021 | **Notice of Non Suit** | | |
| 09/16/2021 | **Notice of Non Suit** | | |
| 09/21/2021 | **Order** | | |
| 09/21/2021 | **Order** | | |
| 12/01/2021 | **Return of Service** | | |
| 12/06/2021 | **Defendants Original Answer** | | |
| 12/06/2021 | **Jury Fee Paid (OCA)** | | |
| 01/05/2022 | **Request** | | |
| | *requesting copies of documents* | | |
| 01/31/2022 | **Notice of Change of Address** | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** Kia Motors America, Inc. | | | |
| Total Financial Assessment | | | 60.00 |
| Total Payments and Credits | | | 60.00 |
| **Balance Due as of 02/03/2022** | | | **0.00** |

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 12/06/2021 | Transaction Assessment | | | 40.00 |
| 12/06/2021 | EFile Payment | Receipt # DC-168584 | Kia Motors America, Inc. | (40.00) |
| 01/06/2022 | Transaction Assessment | | | 20.00 |
| 01/06/2022 | EFile Payment | Receipt # DC-169125 | Kia Motors America, Inc. | (20.00) |

**Plaintiff** Ponce, Diana
Total Financial Assessment                                                                              286.00
Total Payments and Credits                                                                              286.00
**Balance Due as of 02/03/2022**                                                                          **0.00**

| 07/20/2021 | Transaction Assessment | | | 286.00 |
| 07/20/2021 | EFile Payment | Receipt # DC-165434 | Ponce, Diana | (286.00) |

Filed: 7/19/2021 5:46 PM
Susan Cook Mendoza
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

Cause No. 108550-CC _____

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and Zulema B. Leija, | § § § | In the District Court |
| *Plaintiffs,* | § § | |
| vs. | § § | Kaufman County, Texas |
| Kia Motors America, Inc., Kia Motors Corporation, and Jeffrey V. Townsend as Administrator of The Estate of Joyce Townsend, | § § § § § | |
| | § | Kaufman County - County Court at Law |
| *Defendants.* | § | _____ Judicial District |

## PLAINTIFFS' ORIGINAL PETITION

**To the Honorable Judge of Said Court:**

COME NOW, Diana Ponce, Eusebio Cano and Zulema B. Leija (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Petition against Kia Motor America, Inc., Kia Motors Corporation (hereinafter referred to as "Kia"), and Jeffrey V. as Administrator of The Estate of Joyce Townsend.

In support hereof, Plaintiffs would state and show unto this Honorable Court the following:

### I. Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

Plaintiffs' Original Petition
Page 1 of 18

Copy from re:SearchTX

## II. Parties

2.      Plaintiff Diana Ponce is an individual. She resides in and is a citizen of Kaufman, Texas. She is the biological mother of M.C., a deceased minor child.

3.      Plaintiff Eusebio Cano is an individual. He resides in Dallas County, Texas. He is the biological father of M.C., a deceased minor.

4.      Plaintiff Zulema B. Leija is an individual. She resides in and is a citizen of Kaufman, Texas. She is the legal owner of the subject vehicle.

5.      Defendant Kia Motors America, Inc., is a foreign corporation at all times doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.      Defendant Kia Motors Corporation is a foreign corporation at all times doing business in Texas, and service of process upon this Defendant may be had by serving its President, Noi-Myung Kim, 231231, Yangjae-Dong, Seocho-Ku, Seoul, 137-928, Republic of Korea.

7.      Jeffrey V. Townsend As Estate of Townsend was filed in Kaufman County, Texas. This Defendant may be served at the Decedent's residence at 1012 CR 134 Kaufman, Texas 75142.

## III. Venue and Jurisdiction

8.      Venue is proper in Kaufman County, Texas, because the subject accident occurred in Kaufman County, Texas, and The Estate of Ms. Townsend is filed in Kaufman County, Texas.

Copy from re:SearchTX

9.    Jurisdiction is proper in this Court because damages exceed the minimum jurisdictional limit of this Court and the Court has subject matter jurisdiction and personal jurisdiction of all of the parties hereto.

## IV. Tex. R. Civ. P. 47

10.    As a general matter, Plaintiffs' counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiffs in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit.

11.    Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiffs hereby state that Plaintiffs are seeking monetary relief of over $1,000,000.

## V. Facts

12.    On or about March 19, 2021, Plaintiff Leija was driving a 2016 Kia Soul (VIN#KNDJP3A57G7271652)("subject vehicle").

13.    Plaintiff, Diana Ponce, was the front passenger of the subject vehicle.

14.    M.C., a deceased minor child, was the rear passenger of the subject vehicle.

Plaintiffs' Original Petition
Page 3 of 18

Copy from re:SearchTX

15.    Decedent, Joyce Townsend, was operating another vehicle when she failed to yield right of way while attempting to make a turn causing a collision with the subject vehicle.

16.    The subject vehicle was designed by one or more of the Kia Defendants.

17.    The subject vehicle was manufactured by one or more of the Kia Defendants.

18.    The subject vehicle was also assembled and tested and marketed by one or more of the Kia Defendants.

19.    At the time of the accident, Plaintiff Ponce and deceased minor child, M.C., were properly seated and properly wearing the available seatbelts.

20.    However. despite being properly seated and properly wearing the available seatbelts, Plaintiff suffered serious injuries and M.C. sustained fatal injuries during the accident sequence when the vehicle failed to protect them because it violated several crashworthiness principles.

## VI. Crashworthiness Overview

21.    Crashworthiness is the science of preventing or minimizing injuries or death following an accident through the use of a vehicle's various safety systems.[1]

22.    There are five (5) recognized crashworthiness principles in the automobile industry/throughout the world. They are as follows:

---

[1] In any crashworthiness case, the distinction between the cause of an accident versus the cause of injuries is an important one. One of the best analogies is the case of the Titanic. While the cause of hitting the iceberg has been the subject of much debate (inattentiveness, the captain may have been drinking, they were going too fast, etc.), there is no question that every passenger which entered a lifeboat that night lived, while 99% of those who went in the water died. Accordingly, had the Titanic had enough lifeboats on board (i.e., the boat's "safety systems"), 100% of the people on-board would probably have lived. So, the cause of the sinking (the accident) is irrelevant vis-à-vis how everyone died. What's important is how the safety systems worked (or didn't work) following the accident.

Plaintiffs' Original Petition
Page 4 of 18

Copy from re:SearchTX

1.  maintain survival space;
2.  provide proper restraint throughout the entire accident;
3.  prevent ejection;
4.  distribute and channel energy; and
5.  prevent post-crash fires.

23.  When the National Highway Traffic Safety Administration (NHTSA) created the Federal Motor Vehicle Safety Standard (FMVSS) in the late 1960's, the preamble to the safety standards included a crashworthiness definition similar to that used above, "that the public is protected against unreasonable risk of crashes occurring as a result of the design, construction, or performance of motor vehicles and is also protected against unreasonable risk of death or injury in the event crashes do occur."

24.  The National Transportation Safety Board (NTSB) has also stated that, "Vehicle crashworthiness refers to the capacity of a vehicle to protect its occupants from crash forces. This protection—which is achieved, in part, by vehicle structure—includes maintaining a survival space around the occupant, retaining the occupant within that space, and reducing the forces applied to the occupant."

25.  Crashworthiness safety systems in a vehicle must work together like links in a safety chain. If one link fails, the whole chain fails. For example, in a rollover, if the roof collapses such that no survival space is left, it does not matter what kind of restraint system, glass, fuel system, or energy absorbing system is used, because these systems have been rendered moot.

26.  Vehicle manufacturers have known for decades and have admitted under oath that there is a distinction between the cause of an accident versus the cause of an injury.

Plaintiffs' Original Petition
Page 5 of 18

Copy from re:SearchTX

## VII. Duty to Make a Safe Vehicle

27.   For decades, automobile manufacturers have been telling the general public and others how important it is to make safe vehicles.

28.   For instance, in 1993, General Motors stated that "Safety isn't one thing. It's everything." Mary Barra, CEO of General Motors, testified to Congress in 2014 that, "Our customers and their safety are at the center of everything we do." Jeff Boyer, Vice-President of Global Vehicle Safety at General Motors, has stated that "Nothing is more important than the safety of our customers in the vehicles they drive."

29.   General Motors has stated in the past that, "The rich don't deserve to be safer... Isn't it time we realized safety is not just for the pampered and the privileged? Safety is for all."

30.   Lee Iacocca, former President of Ford Motor Company stated, "while President and CEO of Chrysler, that "Every American has the right to a safe vehicle." Gerald Greenwald, chairman of Chrysler, then sent a letter to every Chrysler dealership in 1988 stating that Chrysler intended to honor that right.

31.   In 2012, Volvo stated that, "Technologies for meeting the goal of zero injuries and fatalities are basically known today – it is a matter of how to apply, finance, distribute and activate."

32.   BMW has stated that BMW vehicles are designed to minimize the effects of accidents. BMW has also stated that the cornerstone of BMW's design philosophy is "Safety – during and after an accident."

Copy from re:SearchTX

33.   Honda believes that safety is for everyone, including for other vehicle occu-

pants and for pedestrians.



34.   In 1991, Toyota said that "Toyota engineers are faced with making all vehi-

cles as safe as humanly possible."

Copy from re:SearchTX

## VIII. Kia and Safety

35. For decades, Kia has noted that it has a corporate culture that respects human beings.

36. Kia has bragged that its cars are getting smarter and safer.

37. Kia has touted that its vehicles utilize safety features as standard equipment that other luxury cars include as options because at Kia, "safety is never an option."

38. Kia has stated that in designing and testing its vehicles, there's nothing Kia considers more important than safety.

39. Kia has stated that it strives to achieve crashworthiness results that far exceed those required by law.

40. Kia has said that no one can predict a collision occurring, but you can trust a Kia vehicle to protect you should the unforeseen happen.

41. Kia has further stated that Kia works tirelessly to ensure that every safety system on its vehicles is designed to help people handle the unexpected.

## IX. Cause(s) of Action as to Defendants Kia Motors Corporation and Kia Motors America, Inc.

42. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Petition.

43. The KIA Defendants are in the business of designing, manufacturing, testing, assembling, marketing and/or distributing vehicles, including the subject vehicle.

Plaintiffs' Original Petition
Page 8 of 18

Copy from re:SearchTX

44. The KIA Defendants designed, manufactured, tested, assembled, marketed, distributed, and/or sold the vehicle that was involved in the accident that left Plaintiff Ponce with serious injuries and M.C. with fatal injuries.

45. The vehicle was defective and unreasonably dangerous for its intended use.

46. The vehicle was defective at the time it left the KIA Defendants' control.

47. Reasonable consumers would not have been aware of the defective condition of the vehicle.

48. Plaintiffs were not aware of the defects in the subject Kia.

49. It was entirely foreseeable to and well-known by the KIA Defendants that accidents and incidents involving their vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

50. The injuries, complained of herein, occurred because the subject vehicle in question was not reasonably safe, and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous.

51. KIA Defendants, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, ad/or tested said vehicle in question.

52. As detailed herein, the vehicle contains and/or KIA Defendants has committed either design, manufacturing, marketing, assembling, and/or testing defects.

53. KIA Defendants either knew or should have known of at least one safer alternative design which would have prevented the serious and fatal injuries complained of herein.

Copy from re:SearchTX

54.   The vehicle was defective and unreasonably dangerous, KIA Defendants were negligent and KIA Defendants misrepresented the safety of the vehicle for the following, non-exhaustive list of reasons:

a.   The vehicle violated principles of crashworthiness;

b.   The front passenger's seatbelt allowed forward excursion over 2 feet due to the load limiter which permitted submarining;

c.   The front passenger seat cushion collapsed which permitted submarining;

d.   The front passenger seat failed to contain a seat cushion airbag to prevent submarining;

e.   The front passenger seat failed to contain a knee bag that would help prevent submarining;

f.   The front passenger seat failed to provide proper restraint;

g.   The front seatbelt permitted excessive forward excursion;

h.   The front seatbelt permitted the pretensioner to be rendered in-effective by the load limiter;

i.   The rear outboard seat failed to properly restrain an 8 year old child and he died of massive internal organ injuries due to sub-marining;

j.   No crash test with rear seated child sized ATD's were con-ducted;

k.   No sled test with rear seated ATD's of any size were conducted;

l.   The vehicle was not subjected to FEM/finite element method testing where children in all three rear seating positions were evaluated under different accident scenarios;

m.   The vehicle was not subjected to simulated crash testing where children and occupants of different sizes were sitting in all three rear seating positions;

n.   The vehicle's rear seat restraint system failed to contain load limiters, pretensioners, seat cushion airbags to prevent subma-rining and anti-submarining features;

o.   The vehicle failed to provide equal restraint protection to the rear seated occupants as it did for the front seated occupants;

p.   The vehicle failed to contain state of the art safety systems in the rear seat that are available in the front seat;

q.   The vehicle's rear seat position is too hard and a restrained oc-cupant can submarine under the seatbelt;

Copy from re:SearchTX

r.   The vehicle's rear seat position's seatbelt geometry promotes submarining due to its design and anchor locations;

s.   The front and rear restraint system on the vehicle has no utility since it fails to serve the purpose of restraint systems;

t.   The front and rear seat restraint system violates the principles of a restraint system;

u.   The front and rear seat restraint system violates principles of crashworthiness;

v.   The rear seat restraint system violates the Designated Seating Position doctrine established by NHTSA;

w.   The Defendant violated the NHTSA's Due Care Test Provision;

x.   The Plaintiff owner of the subject vehicle, had watched commercials and reviewed ads and other marketing literature from Kia over the years and decided on this vehicle because it was touted as a safe, family vehicle;

y.   The Defendant bragged, touted and marketed its vehicles as being safe, state of the art, engineered to be the best and engineered to protect families;

z.   The Plaintiff owner of the subject vehicle chose the subject vehicle because of these commercials, ads and marketing statements;

aa.  The ads, commercials and marketing material turned out to be false, misleading and deceptive in the opinion of the vehicle owner after this accident was over;

bb.  The subject vehicle platform violated Defendants' core design principles, marketing principles and safety principles that it has espoused for decades;

cc.  According to Defendants, building safe vehicles is the most important thing we do;

dd.  According to Defendants, automobile safety is the foundation of automobile manufacturing;

ee.  According to Defendants, wee have built a storehouse of safety technology since our first vehicle was built;

ff.  According to Defendants, safety is one of our foremost concerns;

gg.  According to Defendants, passive safety engineering means to ensure occupant survival with the least injuries in as many accident situations as possible;

hh.  According to Defendants, the front and rear seated occupants deserve equal protection;

ii.  According to Defendants, safety is always on our mind;

Copy from re:SearchTX

jj.  Defendants are fully aware of its responsibility to produce vehicles with the best overall safety possible;

kk.  Defendants collect accident data and applies that data to the planning and design of new models to continuously improve automobile safety;

ll.  According to Defendants, a safe vehicle must be properly developed, designed, engineered and tested;

mm. According to Defendants, it is very important to protect all occupants as much as possible;

nn.  According to Defendants, they work hard to stay at the cutting edge of technology;

oo.  According to Defendants, computer aided engineering is indispensable to our prototype development process;

pp.  According to Defendants, they use CAE to test new design ideas and structures;

qq.  According to Defendants, they use finite element method to create models to simulate real testing;

rr.  According to Defendants, the most important component in occupant safety is the restraint system;

ss.  According to Defendants, they believe that safety is fundamental for making vehicles;

tt.  According to Defendants, they always work to improve by putting forth new ideas and making the best of our abilities;

uu.  According to Defendants, we believe that everyone deserves to be safe;

vv.  According to Defendants, no matter who you are and what you drive, everyone deserves to be safe;

ww. According to Defendants, they have the most sophisticated testing facility and programs in the world;

xx.  According to Defendants, they are a pioneer in vehicle crash testing;

yy.  According to Defendants, they use super computer backed CAE systems that play a significant role in developing, designing and engineering its vehicles;

zz.  According to Defendants, they create vehicles with your family in mind;

aaa. Defendants abandoned its role in developing, designing, engineering and testing the subject vehicle;

bbb. Defendant failed to use the body of knowledge that it had learned since it developed its first vehicle;

Copy from re:SearchTX

ccc. Consumers expect Kia to use state of the art engineering, material and designs yet the subject vehicle fell short;

ddd. Consumers expect Kia to provide safe vehicles that have been tested and subjected to rigorous engineering analysis;

eee. The owner of the vehicle relied on the safety representations of Defendants;

fff. The Plaintiff owner of the vehicle chose the subject vehicle solely because of the safety representations;

ggg. The Defendants violated consumer expectations; and/or

hhh. The defects, negligence, deceptive, false and misleading marketing and violations of consumer expectations were the direct, producing, substantial and proximate cause of the injuries and damages.

55. Defendants further failed to conduct proper testing and engineering analysis during the design, development and testing of the vehicle.

56. Defendants were further negligent in the manufacture, assembly, marketing and/or testing of the vehicle in question.

57. As noted earlier, most (if not all) engineering associations in the United States (and around the world) have a code of ethics. The number 1 fundamental canon of ethics for almost all engineers is to "hold paramount the safety, health and welfare of the public."

58. Accordingly, since paramount means "superior to all others", all vehicle engineers have to hold the safety, health, and welfare of the public as their highest considerations when they design vehicles. Indeed, KIA has admitted that its engineers have to hold paramount the safety, health and welfare of the public.

59. However, Defendants failed to conduct proper testing and engineering analysis during the design, development and/or testing of the vehicle.

Copy from re:SearchTX

60. In designing a vehicle, efforts should be made by manufactures to identify potential risks, hazards and/or dangers that can lead to serious injuries or death. KIA has admitted this in sworn testimony.

61. One potential risks, hazards and or dangers are identified, then the potential risks, hazards and/or dangers should be eliminated if possible.

62. Once potential risks, hazards and/or dangers can't be eliminated, they should be guarded against.

63. If potential risks, hazards and/or dangers cant be eliminated or guarded against they should at least be warned about.

64. A company that does not conduct proper engineering analysis that would help to identify potential risks, hazards and/or dangers that could seriously injure some-one is negligent.

65. Based upon information and/or belief, the subject vehicle was not subjected to rigorous engineering analysis such as DFMA, FMEA, failure mode effects analysis, fault tree analysis, root cause analysis, risk hazard analysis, cost benefit analysis, or by whatever name called.

66. Based upon information and/or belief, the subject vehicle was not subjected to FEM or finite element modeling.

67. Based upon information and/or belief, the subject vehicle was not subjected to computerized accident simulations.

68. KIA's occupant protection philosophy and design philosophy are utilized in various model vehicles, including ones sold overseas in other markets.

Copy from re:SearchTX

69.   When KIA designed the subject vehicle,  they did not reinvent the wheel. The KIA Defendants used (or should have used) an enormous amount of human capital which had been acquired from numerous different engineers who had worked on many prior vehicles. This knowledge would have been (or should have been) utilized in different aspects of the designs of the vehicle to make the vehicle safer by eliminating or reducing risks, hazards and dangers.

70.   The KIA Defendants are currently in exclusive possession and control of all technical materials and other documents regarding the design, manufacture, and testing of the vehicle in question. The KIA Defendants are also in possession of what, if any, engineering analysis was performed on the subject vehicle.

71.   However, it is expected that after all of those materials are produced in discovery and/or after the KIA Defendants' employees and corporate representatives have been deposed, additional allegations may come to light.

72.   Lastly, the materials from other models, years, and countries will provide evidence regarding what the KIA Defendants knew, when they knew it, and about what was utilized or not utilized as well as the reasons why.

73.   The foregoing acts and/or omissions, defects and/or negligence of Defendants were the producing, direct, proximate and/or legal cause of the serious and fatal injuries complained of herein.

## X. Cause(s) of Action as Jeffrey V. Townsend to the Estate of Joyce Townsend

Copy from re:SearchTX

74.   Plaintiffs hereby incorporate, by reference, the allegations contained in the preceding paragraphs of this Petition.

75.   At the time and on the occasion in question, Defendant negligently drove a motor vehicle. As a result, an accident occurred. During the accident sequence, M.C. sustained fatal injuries, and Plaintiffs have sustained damages.

76.   Defendant owed a duty to exercise reasonable care and to avoid a foreseeable risk of injury to others. Defendant breached said duty.

## XI. Damages to Plaintiffs

77.   As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Leija has suffered property damage to her vehicle.

78.   As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Ponce has suffered past and future: pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, hedonic damages, lost wages, diminished earning capacity, medical expenses and medical care.

79.   As a result of the acts and/or omissions of one or more of the Defendants, Plaintiffs Ponce and Cano have suffered past and future: loss of care, maintenance, support, service, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society, loss of consortium, emotional distress and mental anguish as a result of the death of M.C., their minor son.

80.   As a result of the acts and/or omissions of one or more of the Defendants, Plaintiffs Ponce and Cano have become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to M.C., their minor son.

Copy from re:SearchTX

81.   The above and foregoing acts and/or omissions of the Defendants, resulting in the serious injuries to Plaintiff Ponce, Plaintiff Leija's property damage, and the fatal injuries to M.C., a deceased minor child,  have caused actual damages to Plaintiffs in excess of the minimum jurisdictional limits of the Court.

## XII. Conclusion and Prayer

82.   For the reasons presented herein, Plaintiffs pray that Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for:

     a.   actual damages;
     b.   economic and non-economic damages;
     c.   prejudgment and post-judgment interest beginning March 19, 2021;
     d.   costs of suit; and
     e.   all other relief, general and special, to which Plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper.

Copy from re:SearchTX

Respectfully submitted,

**The TRACY firm**

  /s/ E. Todd Tracy
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
TTracy@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
Wendell P. Martens, Jr.
State Bar No. 24002528
CMartens@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiffs**

Copy from re:SearchTX

Filed: 7/27/2021 10:34 AM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Lauren Jackson

THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:

**Jeffrey V. Townsend, as Estate of Townsend**
**1012 CR 134**
**Kaufman TX 75142**

*ORIGINAL*

Respondent Greetings:

YOU ARE HEREBY COMMANDED to appear before the Honorable County Court at Law, Kaufman County, Texas, by filing a written answer to the **Plaintiffs' Original Petition** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation in Cause Number **108550-CC, styled Diana Ponce, Eusebio Cano. et al Vs. Kia Motors America, Inc., Kia Motors Corporation. et al,** filed in said court on July 19, 2021. WITNESS, RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 20th day of July, 2021.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142

By _Susan Cook_ Deputy
Susan Cook

Attorney for Plaintiff:
E. Todd Tracy
The Tracy Firm
4701 Bengal Street
Dallas Texas 75235
214-324-9000

## OFFICER'S RETURN

Came to hand on the _21_ day of _July_, 20_21_, at _11:08_, o'clock _A_.m., and executed in _Kaufman_ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| Jeffrey V. Townsend | 7-26-21 10:42 AM | I-20 & 429 2405 S Harwood Dallas St |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant
being_____

FEES:

Serving Petition and Copy      $_____      Total      $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_Krista Whitaker_
Affiant
PSC-17452   10-31-21

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

Copy from re:SearchTX

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _Kristi Whitaker_ , my date of birth is _3-4-66_ , and my address is

_402 W Dallas  Canton, Texas 75103_

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Kaufman_ County, State of _Texas_, on the __26__ day of

_July 2021_ .

_Kristi Whitaker_

Declarant/Authorized Process Server

_PSC-17452      10·31·21_

(Id # & expiration of certification)

Copy from re:SearchTX

Filed: 8/12/2021 10:46 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Brandy Thomas

# WEST & ASSOCIATES L.L.P.

## ATTORNEYS AND COUNSELORS AT LAW

ROYCE WEST
CRAIG A. CAPUA
TONYA TARPEH
VERETTA L. FRAZIER
DEANNE CLAIRE
MICHAEL C. LACTSON
NICOLE COLLIER
BREE WEST
TYLER LIVINGSTON
LOUIS A. BEDFORD, IV

320 SOUTH R.L. THORNTON FREEWAY, SUITE 300
DALLAS, TEXAS 75203

OFFICE: 214-941-1881
FAX: 214-941-1399

WWW.WESTLLP.COM

HOUSTON OFFICE
440 LOUISIANA
SUITE 1880
HOUSTON, TEXAS 77002
OFFICE: 713-425-7293
FAX: 713-425-7299

FORT WORTH OFFICE
101 S. JENNINGS AVENUE
SUITE 210
FORT WORTH, TEXAS
76104
OFFICE: 817-877-1881
FAX: 817-458-4695

OF COUNSEL
DIANA LAQUEY EZZELL
ANTHONY LYONS
EDGARDO E. COLÓN

August 11, 2021

<u>Via Email:</u> CMartens@vehiclesafetyfirm.com
Wendel P. Martens, Jr., Esq.
**The Tracy Firm**
4701 Bengal Street
Dallas, Texas 75235

Re:    Cause No. 108550-CC; *Diana Ponce, et al. vs. The Estate of
Joyce Townsend, et al.*

Dear Mr. Martens:

This letter is to memorialize our agreement reached on August 11, 2021 in the referenced litigation. It is my understanding you have agreed to give The Estate of Joyce Townsend a sixty (60) day extension to respond to Plaintiffs' Original Petition thru Friday, October 15, 2021.  Pursuant to Rule 11 of the *Texas Rules of Civil Procedure*, if this letter correctly states our agreement, please return a signed copy to my office.

Sincerely,

Craig A. Capua, Partner

**Approved as to Form and for Entry:**

By: _____
Wendel P. Martens, Jr.
Attorney for Plaintiffs

Copy from re:SearchTX



## WEST & ASSOCIATES L.L.P.

### ATTORNEYS AND COUNSELORS AT LAW

ROYCE WEST
CRAIG A. CAPUA
TONYA TARPEH
VERETTA L. FRAZIER
DEANNE CLAIRE
MICHAEL C. LACTSON
NICOLE COLLIER
BREE WEST
TYLER LIVINGSTON
LOUIS A. BEDFORD, IV

320 SOUTH R.L. THORNTON FREEWAY, SUITE 300
DALLAS, TEXAS 75203

OFFICE: 214-941-1881
FAX: 214-941-1399

WWW.WESTLLP.COM

HOUSTON OFFICE
440 LOUISIANA
SUITE 1880
HOUSTON, TEXAS 77002
OFFICE: 713-425-7293
FAX: 713-425-7299

FORT WORTH OFFICE
101 S JENNINGS AVENUE
SUITE 210
FORT WORTH, TEXAS
76104
OFFICE: 817-877-1881
FAX: 817-458-4695

OF COUNSEL
DIANA LAQUEY EZZELL
ANTHONY LYONS
EDGARDO E. COLÓN

August 11, 2021

<u>Via Email</u>: CMartens@vehiclesafetyfirm.com
Wendel P. Martens, Jr., Esq.
**The Tracy Firm**
4701 Bengal Street
Dallas, Texas 75235

  Re: Cause No. 108550-CC; *Diana Ponce, et al. vs. The Estate of Joyce Townsend, et al.*

Dear Mr. Martens:

  This letter is to memorialize our agreement reached on August 11, 2021 in the referenced litigation. It is my understanding you have agreed to give The Estate of Joyce Townsend a sixty (60) day extension to respond to Plaintiffs' Original Petition thru Friday, October 15, 2021. Pursuant to Rule 11 of the *Texas Rules of Civil Procedure*, if this letter correctly states our agreement, please return a signed copy to my office.

       Sincerely,

       Craig A. Capua, Partner

**Approved as to Form and for Entry:**

By: _____
  Wendel P. Martens, Jr.
  Attorney for Plaintiffs

HOUSTON • DALLAS • FORT WORTH

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Natasha Rinehart on behalf of Craig Capua
Bar No. 3783950
natasha.r@westllp.com
Envelope ID: 56240532
Status as of 8/26/2021 4:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | etoddtracy@vehiclesafetyfirm.com | 8/12/2021 10:16:04 AM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 8/12/2021 10:16:04 AM | SENT |

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 8/12/2021 10:16:04 AM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 8/12/2021 10:16:04 AM | SENT |

Copy from re:SearchTX

Filed: 8/20/2021 10:34 AM
District Clerk
Kaufman County, Texas
Sherry Keathley

### CAUSE NO. 108550-CC

| | | |
|---|---|---|
| DIANA PONCE, EUSEBIO CANO | § | IN THE COUNTY COURT |
| AND ZULEMA B. LEIJA, | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | COUNTY COURT AT LAW |
| | § | |
| KIA MOTORS AMERICA, INC., KIA | § | |
| MOTORS CORPORATION, AND | § | |
| JEFFREY V. TOWNSEND AS | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF JOYCE TOWNSEND, | § | |
| DEFENDANTS. | § | KAUFMAN COUNTY, TEXAS3 |

### DEFENDANT JEFFREY V. TOWNSEND AS ADMINISRATOR OF THE ESTATE OF JOYCE TOWNSEND'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Jeffrey V. Townsend as Adminisrator of The Estate of Joyce Townsend, Defendant in the above entitled and numbered cause, and in reply to Plaintiffs' Original Petition respectfully shows the Court as follows:

#### 1.

Defendant Jeffrey V. Townsend as Adminisrator of The Estate of Joyce Townsend denies generally the material allegations contained in Plaintiffs' Original Petition, demands proof thereof by a preponderance of the evidence, and of this general denial prays judgment of the Court.

#### 2.

Pleading further, and in the strict alternative, Defendant would show that the proximate cause, or alternatively the sole proximate cause, of the incident in question was the acts or omissions of third parties over whom this Defendant has no control and for whose actions this Defendant cannot be held liable.

**DEFENDANT JEFFREY V. TOWNSEND AS ADMINISRATOR OF**
**THE ESTATE OF JOYCE TOWNSEND'S ORIGINAL ANSWER**                                    **PAGE 1**

Copy from re:SearchTX

**3.**

To the extent that the medical expenses and/or health care expenses exceed the amount actually paid on behalf of those suing, the Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code; thus, recovery of medical and/or health care expenses by those suing is limited to the amount actually paid or incurred by or on behalf of those suing.

WHEREFORE, PREMISES CONSIDERED, Defendant Jeffrey V. Townsend as Administrator of The Estate of Joyce Townsend prays that upon final hearing judgment be entered that Plaintiffs Diana Ponce, Eusebio Cano and Zulema B. Leija take nothing and that Defendant Jeffrey V. Townsend as Administrator of The Estate of Joyce Townsend be discharged with its costs and that it has such other and further relief to which it may be justly entitled.

Respectfully Submitted,

AYIK & ASSOCIATES

*/s/ Jonathan E. Cheatham*

_____

JONATHAN E. CHEATHAM
Texas Bar No. 00793494
E-Mail: jcheatha@travelers.com
Mailing Address:
P.O. Box 64093
St. Paul, MN  55164-0093
Physical Address
1301 E. Collins Blvd., Suite 490
Richardson, Texas  75081
Direct Telephone: 214-570-6292
Main Telephone: 214-570-6300
Direct Facsimile: 855-748-3821
**ESERVICE Email jcheatha@travelers.com**

**ATTORNEYS FOR DEFENDANT
JEFFREY V. TOWNSEND AS
ADMINISRATOR OF THE ESTATE OF
JOYCE TOWNSEND**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

This is to certify that, on this the 20th day of August, 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record as follows:

| | |
|---|---|
| E. Todd Tracy | _____ Hand Delivery |
| The Tracy Firm | _____ Facsimile |
| 4701 Bengal Street | _____ Certified Mail, Return Receipt Requested |
| Dallas, Texas 75235 | _____ Receipted Commercial Delivery |
| *Facsimile  972-387-2205* | _____ E-MAIL |
| E-Mail: ttracy@vehiclesafetyfirm.com | __X__ E-SERVE |
| *Attorney for Plaintiff, Diana Ponce, Eusebio* | |
| *Cano and Zulema B. Leija* | |

*/s/ Jonathan E. Cheatham*

_____

Jonathan E. Cheatham

Filed: 9/16/2021 2:07 PM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Sherry Keathley

Cause No. **108550-CC**

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and | § | In the District Court |
| Zulema B. Leija, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Kaufman County, Texas |
| | § | |
| Kia Motors America, Inc., | § | |
| Kia Motors Corporation, and | § | |
| Jeffrey V. Townsend as Administrator | § | |
| of The Estate of Joyce Townsend, | § | |
| | § | |
| *Defendants.* | § | County Court at Law |

## PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT JEFFREY V. TOWNSEND AS ADMINISTRATOR OF THE ESTATE OF JOYCE TOWNSEND

**To The Honorable Judge of Said Court:**

COME NOW, Plaintiffs, by and through undersigned counsel, and respectfully file this Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend.

At this time, Plaintiffs no longer desire to pursue the claims against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, and Plaintiffs give notice that they nonsuit all claims and causes of action brought or which could have been brought by them against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, without prejudice.

Plaintiffs' nonsuit does not apply to the Kia Defendants.

Plaintiffs' Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend
Page 1 of 3

Copy from re:SearchTX

Accordingly, Plaintiffs respectfully ask the Court to sign the attached order of nonsuit without prejudice on said claims against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to issue the attached Order of Nonsuit Without Prejudice.

Plaintiffs pray that this Honorable Court execute an Order of Nonsuit as to all their causes of action against Defendant, Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, without prejudice; pray that all legally taxable costs of court be taxed against the party incurring same; and pray that Plaintiffs have such other and further relief to which they may show themselves justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**The TRACY firm**


  /s E Todd Tracy
E. Todd Tracy
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
Wendell P. "Chip" Martens, Jr.
State Bar No. 24002528
CMartens@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiffs**


## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2021, a true and correct copy of the foregoing document was caused to be served on all counsel of record in accordance with a manner authorized by the Texas Rules of Civil Procedure.


   /s E. Todd Tracy
E. Todd Tracy
Andrew G. Counts
Wendell P. "Chip" Martens, Jr.


Plaintiffs' Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend
Page 3 of 3

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E Tracy on behalf of E Tracy
Bar No. 20178650
ttracy@vehiclesafetyfirm.com
Envelope ID: 57320970
Status as of 9/16/2021 2:42 PM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 9/16/2021 2:07:19 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 9/16/2021 2:07:19 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 9/16/2021 2:07:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 9/16/2021 2:07:19 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 9/16/2021 2:07:19 PM | SENT |

Filed: 9/16/2021 2:07 PM
District Clerk
Kaufman County, Texas
Sherry Keathley

## Cause No. <u>108550-CC</u>

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and | § | In the District Court |
| Zulema B. Leija, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Kaufman County, Texas |
| | § | |
| Kia Motors America, Inc., | § | |
| Kia Motors Corporation, and | § | |
| Jeffrey V. Townsend as Administrator | § | |
| of The Estate of Joyce Townsend, | § | |
| | § | |
| *Defendants.* | § | County Court at Law |

## PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT JEFFREY V. TOWNSEND AS ADMINISTRATOR OF THE ESTATE OF JOYCE TOWNSEND

**To The Honorable Judge of Said Court:**

COME NOW, Plaintiffs, by and through undersigned counsel, and respectfully file this Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend.

At this time, Plaintiffs no longer desire to pursue the claims against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, and Plaintiffs give notice that they nonsuit all claims and causes of action brought or which could have been brought by them against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, without prejudice.

Plaintiffs' nonsuit does not apply to the Kia Defendants.

Copy from re:SearchTX

Accordingly, Plaintiffs respectfully ask the Court to sign the attached order of nonsuit without prejudice on said claims against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to issue the attached Order of Nonsuit Without Prejudice.

Plaintiffs pray that this Honorable Court execute an Order of Nonsuit as to all their causes of action against Defendant, Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, without prejudice; pray that all legally taxable costs of court be taxed against the party incurring same; and pray that Plaintiffs have such other and further relief to which they may show themselves justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**The TRACY firm**


  /s E Todd Tracy
E. Todd Tracy
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
Wendell P. "Chip" Martens, Jr.
State Bar No. 24002528
CMartens@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiffs**


## CERTIFICATE OF SERVICE


I hereby certify that on this 16th day of September, 2021, a true and correct copy of the foregoing document was caused to be served on all counsel of record in accordance with a manner authorized by the Texas Rules of Civil Procedure.



  /s E. Todd Tracy
E. Todd Tracy
Andrew G. Counts
Wendell P. "Chip" Martens, Jr.


Plaintiffs' Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend
Page 3 of 3

Copy from re:SearchTX

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

E Tracy on behalf of E Tracy
Bar No. 20178650
ttracy@vehiclesafetyfirm.com
Envelope ID: 57321017
Status as of 9/16/2021 2:41 PM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 9/16/2021 2:07:56 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 9/16/2021 2:07:56 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 9/16/2021 2:07:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 9/16/2021 2:07:56 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 9/16/2021 2:07:56 PM | SENT |

Copy from re:SearchTX

9/21/2021 8:06 AM
District Clerk
Kaufman County, Texas
Sherry Keathley

## Cause No. <u>108550-CC</u>

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and | § | In the District Court |
| Zulema B. Leija, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Kaufman County, Texas |
| | § | |
| Kia Motors America, Inc., | § | |
| Kia Motors Corporation, and | § | |
| Jeffrey V. Townsend as Administrator | § | |
| of The Estate of Joyce Townsend, | § | |
| | § | |
| *Defendants.* | § | County Court at Law |

## ORDER

On this day, in the above-styled and numbered cause, came on to be considered "Plaintiffs' Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend" which was filed by the Plaintiffs.

The Court, having considered the Notice, and after reviewing the file, is of the opinion said Notice is well taken and should be, and is, in all respects, **GRANTED**.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that all the claims of Plaintiffs against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, are hereby dismissed without prejudice.

Nothing in this Order affects any of Plaintiffs' claims against the Kia Defendants.

Order
Page 1 of 2

Copy from re:SearchTX

It is further **ORDERED** that all legally taxable court costs shall be taxed against the party incurring same.

SIGNED THIS _____ day of 9/20/2021 _____, 2021.


_____
Honorable Judge Presiding

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E Tracy on behalf of E Tracy
Bar No. 20178650
ttracy@vehiclesafetyfirm.com
Envelope ID: 57321017
Status as of 9/21/2021 8:07 AM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Craig Capua | | craig.c@westllp.com | 9/16/2021 2:07:56 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 9/16/2021 2:07:56 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 9/16/2021 2:07:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 9/16/2021 2:07:56 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 9/16/2021 2:07:56 PM | SENT |

Copy from re:SearchTX

9/21/2021 8:05 AM
Filed:
as second filed at
District Clerk
Kaufman County, Texas

Sherry Keathley

## Cause No. <u>108550-CC</u>

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and | § | In the District Court |
| Zulema B. Leija, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Kaufman County, Texas |
| | § | |
| Kia Motors America, Inc., | § | |
| Kia Motors Corporation, and | § | |
| Jeffrey V. Townsend as Administrator | § | |
| of The Estate of Joyce Townsend, | § | |
| | § | |
| *Defendants.* | § | County Court at Law |

## ORDER

On this day, in the above-styled and numbered cause, came on to be considered "Plaintiffs' Notice of Nonsuit Without Prejudice as to Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend" which was filed by the Plaintiffs.

The Court, having considered the Notice, and after reviewing the file, is of the opinion said Notice is well taken and should be, and is, in all respects, **GRANTED**.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that all the claims of Plaintiffs against Defendant Jeffrey V. Townsend, as Administrator of the Estate of Joyce Townsend, only, are hereby dismissed without prejudice.

Nothing in this Order affects any of Plaintiffs' claims against the Kia Defendants.

Order
Page 1 of 2

Copy from re:SearchTX

It is further **ORDERED** that all legally taxable court costs shall be taxed against the party incurring same.

SIGNED THIS _____ day of 9/20/2021 _____, 2021.

_____
Honorable Judge Presiding

Order
Page 2 of 2

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E Tracy on behalf of E Tracy
Bar No. 20178650
ttracy@vehiclesafetyfirm.com
Envelope ID: 57320970
Status as of 9/21/2021 8:06 AM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 9/16/2021 2:07:19 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 9/16/2021 2:07:19 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 9/16/2021 2:07:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 9/16/2021 2:07:19 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 9/16/2021 2:07:19 PM | SENT |

Copy from re:SearchTX

Filed: 12/1/2021 3:24 PM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Michelle Lopez

## Cause No. 108550-CC

| | | |
|---|---|---|
| Diana Ponce, Eusebio Cano, and Zulema B. Leija, | § | In the District Court |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | Kaufman County, Texas |
| Kia Motors America, Inc., Kia Motors Corporation, and | § | |
| Jeffrey V. Townsend as Administrator of The Estate of | § | |
| Joyce Townsend, | § | |
| | § | |
| *Defendants.* | § | |
| | § | County Court at Law |

## DECLARATION OF SERVICE

"The following came to hand on **November 12, 2021, 12:22 PM:**

‣ PERSONAL CITATION;
‣ PLAINTIFFS' ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201** within the county of **DALLAS** at **01:18 PM** on **Friday, November 12, 2021,** by delivering a true copy to the within named

KIA MOTORS AMERICA, INC. BY AND THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM (ACCEPTED BY INTAKE SPECIALIST KIRK ATKINS)

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **MADISON BLOOMER**, my date of birth is **03/17/1999**, and my address is **1910 Pacific Avenue Suite 9100, Dallas, TX 75201**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TEXAS**, on **November 12, 2021**.

MADISON BLOOMER
Certification Number: 19939
Certification Expiration: 06/30/2023

Copy from re:SearchTX

PERSONAL CITATION
THE STATE OF TEXAS

**CAUSE # 108550-CC**

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:
**Kia Motors America, Inc.**
**By serving CT Corporation System Registered Agent**
**350 N St Paul St**
**Dallas TX 75201**

Respondent Greetings:
YOU ARE HEREBY COMMANDED to appear before the Honorable County Court at Law, Kaufman County, Texas, by filing a written answer to the **Plaintiffs' Original Petition** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation in Cause Number **108550-CC, styled Diana Ponce, Eusebio Cano. et al vs. Kia Motors America, Inc., Kia Motors Corporation. et al,** filed in said court on July 19, 2021.  WITNESS, RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 20th day of July, 2021.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142

By _Susan Cook_ Deputy
Susan Cook

Attorney for Plaintiff:
E. Todd Tracy
The Tracy Firm
4701 Bengal Street
Dallas Texas 75235
214-324-9000

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|-------------------------------------------|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____
FEES:
Serving Petition and Copy     $_____          Total     $_____
                                        _____, Officer
                                        _____, County, Texas

Copy from re:SearchTX

By:_____, Deputy

_____
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
       (First, Middle, Last)

_____.

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of
_____.

_____

Declarant/Authorized Process Server

_____

(Id # & expiration of certification)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

E Tracy on behalf of E Tracy
Bar No. 20178650
ttracy@vehiclesafetyfirm.com
Envelope ID: 59608978
Status as of 12/1/2021 4:31 PM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 12/1/2021 3:24:23 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 12/1/2021 3:24:23 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 12/1/2021 3:24:23 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 12/1/2021 3:24:23 PM | SENT |
| Garrett Rogers | | grogers@vehiclesafetyfirm.com | 12/1/2021 3:24:23 PM | SENT |

Copy from re:SearchTX

Filed: 12/6/2021 9:16 AM
Responsibility
District Clerk
Kaufman County, Texas
Lauren Jackson

CAUSE NO. 108550-CC

| | | |
|---|---|---|
| DIANA PONCE, EUSEBIO CANO, and ZULEMA B. LEIJA, | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| KIA MOTORS AMERICA, INC., KIA MOTORS COPORATION, and JEFFREY V. TOWNSEND as Administrator of the Estate of Joyce Townsend, | § § § § § § | AT LAW |
| Defendants. | § | KAUFMAN COUNTY, TEXAS |

## KIA AMERICA, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Kia America., Inc. ("KA") (formerly known as Kia Motors America, Inc.), the Defendant in the above-styled and numbered cause, files its Original Answer to Plaintiff's Original Petition, and for such would show this Honorable Court as follows:

### I.    GENERAL DENIAL

KA denies each and every material allegation in Plaintiff's Original Petition, demands strict proof thereof, and, to the extent that such matters are questions of fact, demands that Plaintiff be required to prove such facts by a preponderance of the evidence to a jury, if Plaintiff can do so.

### II.    AFFIRMATIVE DEFENSES

KA would further show affirmatively that:

1.    The negligence, acts and conduct of Plaintiff and/or third persons, parties, legal entities or instrumentalities over whom KA had no control were a proximate cause and/or the sole proximate cause and/or a producing cause and/or the cause in whole or

---

**KIA AMERICA, INC'S ORIGINAL ANSWER**                                    **PAGE 1**

Copy from re:SearchTX

in part of the incident giving rise to this lawsuit, and KA is entitled to a comparative apportionment of responsibility.

2.      This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code, including (without limitation) the requirement of Section 33.003 thereof that the trier of fact determine the relative responsibility of each plaintiff, defendant, settling person and responsible third-party that may be joined in the suit.  Plaintiffs' recovery, if any, from KA should be reduced by the comparative negligence, fault, responsibility or causation attributable to Plaintiff and/or responsible third parties.

3.      In the unlikely event that an adverse judgment is rendered against it, KA reserves the right to the credits available as provided by Texas law, including Section 33 of Texas Civil Practice & Remedies Code, and Federal law.

4.      The imposition of joint and several liability on KA is unconstitutional and violates the provisions of the United States Constitution and the Texas Constitution, including but not limited to, KA's right to due process and equal protection of the law.

5.      KA asserts the defense of rebuttable presumption against liability pursuant to Chapter 82 of the Texas Civil Practice & Remedies Code as the design, manufacture and marketing of the subject vehicle fully complied with mandatory safety standards, industry standards and government standards, including, but not limited to, the Federal Motor Vehicle Safety Standards in effect at the time the subject vehicle was designed, manufactured and marketed.

6.      KA states that, in the unlikely event Plaintiffs recover any damages for past medical expenses in this case, Plaintiffs' recovery of past medical expenses should be

Copy from re:SearchTX

limited to those amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code, Section 41.0105, and under Texas law.

7.     KA further states that Plaintiffs' claims against KA may be barred under Texas Civil Practice & Remedies Code § 82.003(a).

8.     Pleading further by way of affirmative defense, to the extent Plaintiffs seek exemplary damages, KA pleads the defense of unconstitutionality in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Texas Constitution.   Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies KA equal protection of the law under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments.  KA pleads that any claim by Plaintiffs for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

9.     Pleading further and by way of affirmative defense, KA would show that the imposition of punitive damages sought by Plaintiffs violates KA's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

a)  Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear

Copy from re:SearchTX

definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award.  Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b) KA had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject KA to punitive damages or as to the potential amount of such an award.

c) Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d) Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e) No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

f) Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof and do not provide objective standards for such review.

g) Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.  Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

h) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a

Copy from re:SearchTX

punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i) Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times KA could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

10.    Pleading further and by way of affirmative defense, KA would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest.  As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, § 3) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant(s)' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

11.    Pleading further and by way of affirmative defense, KA would show that, insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Texas law for conduct in other states, the award violates:

a) KA's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

b) the dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres;

Copy from re:SearchTX

e)  the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution; and

f)  the Texas Constitution insofar as Plaintiffs lack standing to recover punitive damages under the Texas Constitution.

12.     Further answering, and by way of affirmative defense, KA has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  KA hereby gives notice that it intends to rely upon such other defenses, denials, or cross and/or counter actions as may become available or appear during discovery as it proceeds in this matter.  Accordingly, KA reserves the right to assert such defenses in the event discovery, investigation, or analysis indicates they are proper.

### III.     JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, KA requests a jury trial.

### IV.     COURT REPORTER

KA respectfully requests that a court reporter attend all sessions of court in conjunction with this case and that the reporter take full notes of all testimony offered, together with any objections, rulings and remarks of the court and such other proceedings as may be needed or requested by KA.

### V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Kia America, Inc. prays that Plaintiffs take nothing by this suit, that KA be awarded all costs and expenses incurred on its behalf, and for such further relief, both at law and in equity, to which KA may show itself to be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

*/s/ Cary A. Slobin*
**KURT C. KERN**
State Bar No. 11334600
Kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
Cary.slobin@bowmanandbrooke.com
**ADAM G. BELL**
State Bar No. 24101500
Adam.bell@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (972) 616-1700
Telecopier (972) 616-1701

**ATTORNEYS FOR DEFENDANT**
**KIA AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Texas Rules of Civil Procedure on the 6th day of December 2021.

*/s/ Cary A. Slobin*

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nuvia Contreras on behalf of Cary Slobin
Bar No. 19289060
nuvia.contreras@bowmanandbrooke.com
Envelope ID: 59724387
Status as of 12/6/2021 9:30 AM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 12/6/2021 9:16:34 AM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 12/6/2021 9:16:34 AM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 12/6/2021 9:16:34 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 12/6/2021 9:16:34 AM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 12/6/2021 9:16:34 AM | SENT |
| Garrett Rogers | | grogers@vehiclesafetyfirm.com | 12/6/2021 9:16:34 AM | SENT |
| Cary ASlobin | | cary.slobin@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |
| Nuvia Contreras | | nuvia.contreras@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |
| Ivy Maxwell | | Ivy.maxwell@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |
| Adam Bell | | adam.bell@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |
| Kurt CKern | | Kurt.Kern@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |
| Patricia Gunter | | patricia.gunter@bowmanandbrooke.com | 12/6/2021 9:16:34 AM | SENT |

Copy from re:SearchTX

Filed: 1/5/2022 5:13 PM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Brooke Holiness

**Bowman and Brooke** LLP

*Attorneys at Law*

5830 Granite Parkway, Suite 1000
Plano, TX  75024
Main: 972.616.1700
Fax: 972.616.1701

Kurt C. Kern
Direct: 972.616.1711
Email: kurt.kern@bowmanandbrooke.com

January 5, 2022

*VIA E-FILE*

Rhonda Hughey, District Clerk
Kaufman County Courthouse
2nd Floor
100 W. Mulberry
Kaufman, TX  75142

Re:    *Cause No. 108550-CC; Diana Ponce, et al v. Kia Motors America, Inc.,*
       *in the Court at Law, Kaufman County, Texas*

Dear Clerk:

We represent Kia America, Inc. in the referenced matter and would like to request copies of the following documents that were filed in this case:

| DATE | DOCUMENT |
|------|----------|
| 08/12/2021 | Rule 11 Agreement |
| 08/20/2021 | Answer |
| 09/16/2021 | Notice of Non Suit |
| 09/16/2021 | Notice of Non Suit |
| 09/21/2021 | Order |
| 09/21/2021 | Order |

Thank you for your assistance in this matter.

Sincerely,

Kurt C. Kern

KCK/plg

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tricia Gunter on behalf of Kurt Kern
Bar No. 11334600
patricia.gunter@bowmanandbrooke.com
Envelope ID: 60536044
Status as of 1/6/2022 8:10 AM CST

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 1/5/2022 5:13:35 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 1/5/2022 5:13:35 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 1/5/2022 5:13:35 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cary ASlobin | | cary.slobin@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| Kurt CKern | | Kurt.Kern@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| Patricia Gunter | | patricia.gunter@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 1/5/2022 5:13:35 PM | SENT |
| Ivy Maxwell | | Ivy.maxwell@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| Nuvia Contreras | | nuvia.contreras@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 1/5/2022 5:13:35 PM | SENT |
| Garrett Rogers | | grogers@vehiclesafetyfirm.com | 1/5/2022 5:13:35 PM | SENT |
| Adam Bell | | adam.bell@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| Andrew Kirchoff | | andrew.kirchoff@bowmanandbrooke.com | 1/5/2022 5:13:35 PM | SENT |
| Andrew Counts | | acounts@vehiclesafetyfirm.com | 1/5/2022 5:13:35 PM | SENT |
| Wendell Martens Jr. | | cmartens@vehiclesafetyfirm.com | 1/5/2022 5:13:35 PM | SENT |

Copy from re:SearchTX

Filed: 1/31/2022 2:47 PM
Brenda Samford
District Clerk
Kaufman County, Texas

Theresa Tristan

CAUSE NO. 108550-CC

| | | |
|---|---|---|
| DIANE PONCE, EUSEBIO CANO, and ZULEMA B. LEIJA, | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § § | AT LAW |
| KIA MOTORS AMERICA, INC., KIA MOTORS CORPORATION, and JEFFREY V. TOWNSEND as Administrator of the Estate of Joyce Townsend, | § § § § § § § | |
| Defendants. | § | KAUFMAN COUNTY, TEXAS |

.

## NOTICE OF CHANGE OF ADDRESS

Counsel for Defendant Kia America, Inc. files this Notice of Change of Address.

Counsel's new address, effective February 1, 2022, is:

> **Kurt Kern**
> **Cary Slobin**
> **Nelson Mullins Riley & Scarborough LLP**
> Kurt.Kern@nelsonmullins.com
> Cary.Slobin@nelsonmullins.com
> Direct: 469.484.6118
> 5830 Granite Parkway
> Suite 1000
> Plano, Texas 75024
> Telephone: 469.484.6100
> Facsimile: 469.828.7217

Copy from re:SearchTX

Respectfully submitted,

/s/ Cary A. Slobin
**KURT C. KERN**
State Bar No. 11334600
Kurt.Kern@nelsonmullins.com
**CARY SLOBIN**
State Bar No. 00797445
Cary.Slobin@nelsonmullins.com
**NELSON MULLINS RILEY
& SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR DEFENDANT KIA
AMERICA, INC.**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has this 31st day
of January 2022 been forwarded to all attorneys of record in this case of action.

/s/ Cary A. Slobin

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Vanesa Rubio on behalf of Cary Slobin
Bar No. 19289060
vanesa.rubio@bowmanandbrooke.com
Envelope ID: 61310113
Status as of 1/31/2022 2:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cary ASlobin | | cary.slobin@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| Kurt CKern | | Kurt.Kern@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| E. Todd Tracy | 20178650 | ettfedcourt@vehiclesafetyfirm.com | 1/31/2022 2:47:36 PM | SENT |
| Ivy Maxwell | | Ivy.maxwell@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| Andrew Kirchoff | | andrew.kirchoff@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| E. ToddTracy | | TTracy@vehiclesafetyfirm.com | 1/31/2022 2:47:36 PM | SENT |
| Garrett Rogers | | grogers@vehiclesafetyfirm.com | 1/31/2022 2:47:36 PM | SENT |
| Andrew Counts | | acounts@vehiclesafetyfirm.com | 1/31/2022 2:47:36 PM | SENT |
| Wendell Martens Jr. | | cmartens@vehiclesafetyfirm.com | 1/31/2022 2:47:36 PM | SENT |
| Nuvia Contreras | | nuvia.contreras@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| Patricia Gunter | | patricia.gunter@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| Adam Bell | | adam.bell@bowmanandbrooke.com | 1/31/2022 2:47:36 PM | SENT |
| Cary  Slobin | | Cary.Slobin@nelsonmullins.com | 1/31/2022 2:47:36 PM | SENT |
| Nuvia Contreras | | nuvia.contreras@nelsonmullins.com | 1/31/2022 2:47:36 PM | SENT |

Associated Case Party: JeffreyV.Townsend

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Capua | | craig.c@westllp.com | 1/31/2022 2:47:36 PM | SENT |
| Jonathan E.Cheatham | | jcheatha@travelers.com | 1/31/2022 2:47:36 PM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 1/31/2022 2:47:36 PM | SENT |

Copy from re:SearchTX